[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15651
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-01654-MHC

CHUCK FOSTER,

Plaintiff - Appellant,

versus

CHEROKEE COUNTY,
ASHLEY B. WATSON,
LORI THOMPSON,
TIM PRATHER,
JERRY COOPER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 3, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

This case arises out of Chuck Foster's termination from his position as a firefighter with the Cherokee County Fire Department (the Department).  The gravamen of Foster's complaint is that his termination was the product of a conspiracy to credit false accusations of sexual harassment made against him by a co-worker.  The district court dismissed Foster's complaint.  On appeal, Foster asserts the district court erred by dismissing his procedural due process and § 1983 conspiracy claims.[1]  After review,[2] we affirm.

## I.    BACKGROUND

Foster, a certified firefighter, was employed by the Department for approximately twenty-one years.  Ashley Watson served as a "firefighter/paramedic" at the Department.  Foster avers that, at some unspecified time, Watson was "disciplined for excessive absences and abuse of sick leave."  In

---

[1] The district court construed Foster's complaint as containing several other claims.  However, because none of those claims are mentioned in Foster's briefing, they are abandoned.  *Access Now v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper . . . .").

[2] We review de novo the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).  In reviewing a motion to dismiss, we consider whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A claim is facially plausible when we can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

2013, "headquarters" instructed Foster "to change the language on a previously completed employee evaluation on . . .Watson." Foster complied. Watson was subsequently terminated "at the directions" of County Manager Jerry Cooper, Fire Chief Tim Prather, and Human Resource Manager Lori Thompson.

"In an effort to regain her job," Watson then "conspired" with Cooper, Prather, Thompson, and "an unidentified political party." As part of the conspiracy, Watson "made false and malicious claims against [Foster]," including that he had "changed her evaluation in retaliation for rejected sexual advances." "Defendants"—presumably Cooper, Prather, and Thompson—"went through the motions of pretending to do an investigation of Watson's claims" against Foster "to justify giving Watson a job back."

The investigation, conducted by an internal affairs investigator who had been friends with Watson for approximately fifteen years, was a "farce." At its conclusion, "Watson was given a job, . . . a settlement at tax payer's expense, and allowed to retire," while Foster was terminated on the basis of Watson's allegations, which Cooper, Prather, and Thompson knew to be false. Foster appealed his termination, but "was never given a fair and impartial" proceeding.

Foster sued Cherokee County, Watson, Cooper, Prather, and Thompson (collectively, the County). The district court dismissed Foster's suit on the

3

County's motion.  Foster appeals the district court's dismissal of his procedural

due process and § 1983 conspiracy claims.

## II.    DISCUSSION

### A.  *Procedural Due Process*

The Fourteenth Amendment provides: "No state shall . . . deprive any person

of life, liberty, or property, without due process of law . . . ." U.S. Const. amend.

XIV, § 1.[3]  This clause guarantees both substantive and procedural due process.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990).   Foster claims a procedural due

process violation.  Specifically, Foster asserts the County deprived him of a

protected property interest in his employment by terminating him and denying him

a "fair and honest" appeal.  *See McKinney v. Pate*, 20 F.3d 1550, 1559 (11th Cir.

1994) ("[Where] an individual . . . asserts that his particular hearing was not fair

and impartial, he has raised only procedural due process concerns.")

"In this circuit, a §1983 claim alleging a denial of procedural due process

requires proof of three elements: (1) a deprivation of a constitutionally-protected

liberty or property interest; (2) state action; and (3) constitutionally-inadequate

process."  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder*

---

[3] The portion of Foster's brief discussing his procedural due process claim refers to violations of his rights "under the IV th [sic] and IVX Amendments."  We note the Fourth Amendment does not guarantee the right to due process and that there is no "IVX Amendment" in the United States Constitution.   Thus, we presume Foster's reference to the IVX Amendment was intended as a reference to the Fourteenth Amendment—XIV in Roman numerals.

*v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  Foster's claim fails, first, because he has not alleged facts supporting a reasonable inference that he has a property interest in his profession.  Foster states he has a "property interest in his professional certification."  But that allegation is a legal conclusion couched as a factual allegation.  Accordingly, we are not bound to accept it as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The complaint does not contain any other facts about Foster's professional certification that could provide support for the reasonable inference that obtaining it created a property interest in his employment.

Moreover, Foster has not cited, and we have not found, any case law supporting the proposition that obtaining a professional certification creates a property interest under Georgia law.  *See Nicholas v. Gant*, 816 F.2d 591, 597 (11th Cir. 1987) (noting that the existence of a legitimate entitlement is determined in accordance with state law).  Foster avers that "[a]s a public employee, [he] possessed a property right in his continued employment."  But under Georgia law, a public employee generally does not have a vested right to such employment, and, unless the employment arrangement is modified by contract or statute, "power to hire carries with it the implied power to fire."  *Ogletree v. Chester*, 682 F.2d 1366, 1369-70 (11th Cir. 1982).  Thus, the district court was correct in concluding Foster failed to allege a constitutionally-protected property interest.

Relatedly, Foster avers his reputation was injured.  But injury to reputation, standing alone, does not constitute the deprivation of a protected property interest. *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005).  Instead, "a plaintiff [must] show that the government official's conduct deprived the plaintiff of a previously protected property or liberty interest in addition to damaging the plaintiff's reputation." *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436-37 (11th Cir. 1998).  Having failed to demonstrate that he was deprived of a protected property interest, Foster cannot revive his claim by alleging reputational injury.

## B.  Conspiracy under § 1983

"[T]o sustain a conspiracy action under § 1983 . . . a plaintiff must show an underlying actual denial of [his] constitutional rights." *Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008) (quotation omitted).  Because Foster has not stated a claim that his Fourteenth Amendment right to procedural due process was violated, his § 1983 conspiracy claim necessarily fails.  Foster's complaint also alleges the existence of a conspiracy to deprive him of his right to equal protection.  But the only constitutional claim addressed in Foster's briefing before this Court is his procedural due process claim.  Foster has, therefore, abandoned the argument that the County conspired to deprive him of his right to equal protection.

6

## III.    CONCLUSION

The district court's dismissal of Foster's procedural due process and § 1983 conspiracy claims is **AFFIRMED.**